**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____
**DEVIN KEITT,**

                **Plaintiff,**            9:13-cv-850
                                                           (GLS/ATB)
            v.

**T. HAWK et al.,**

                **Defendants.**
_____
**APPEARANCES:**                         **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Devin Keitt
Pro Se
06-A-2122
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

**FOR THE DEFENDANTS:**
HON. ERIC T. SCHNEIDERMAN     MICHAEL G. MCCARTIN
New York State Attorney General       Assistant Attorney General
The Capitol
Albany, NY 12224

**Gary L. Sharpe
Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff *pro se* Devin Keitt commenced this action against defendants

T. Hawk, M. Lira, D. Uhler, J. Otis, D. Rock, B. Fischer, J. Bellnier, D. Martuscello, P. Melecio, C. Miller, D. Ali, A. Perez, E. Killar, the State of New York, and the New York State Department of Correction/Community Supervision (DOCCS), pursuant to 42 U.S.C. § 1983, alleging violations of the Religious Land Use and Institutionalized Persons Act[1] (RLUIPA), the Americans with Disabilities Act[2] (ADA), the Rehabilitation Act,[3] and the First, Eighth, and Fourteenth Amendments. (*See generally* 2d Am. Compl., Dkt. No. 38.)

On March 21, 2014, defendants filed a motion for summary judgment. (Dkt. No. 67.) Keitt filed a response and a cross motion for summary judgment. (Dkt. No. 73.) In a Report-Recommendation (R&R) issued on January 8, 2015, Magistrate Judge Andrew T. Baxter recommended that defendants' motion for summary judgment be granted in its entirety, Keitt's cross motion be denied, and Keitt's second amended complaint be dismissed. (Dkt. No. 79.) Pending are Keitt's objections to the R&R. (Dkt. No. 82.) For the reasons that follow, the R&R is adopted in its entirety.

---

[1] *See* 42 U.S.C. §§ 2000cc-2000cc-5.

[2] *See* 42 U.S.C. §§ 12101-12213.

[3] *See* 29 U.S.C. §§ 701-796*l*.

2

## II. Background

Keitt is an inmate, currently in the custody of DOCCS, and, during the time periods relevant to his claims, was housed at Upstate Correctional Facility and, later, Coxsackie Correctional Facility. (Defs.' Statement of Material Facts (SMF) ¶¶ 1, 2, 17, Dkt. No. 67, Attach. 25.) Keitt, a Muslim, suffers from dyslexia and diabetes, which requires him to take medication three times a day with food. (*Id.* ¶ 2; 2d Am. Compl. ¶¶16-17, Dkt. No. 38.) Thus, he cannot fast during Ramadan. (Defs. SMF ¶¶ 3-4; 2d Am. Compl. ¶¶ 18-19.) Despite his inability to fast, Keitt alleges that, while housed at Upstate on September 1, 2008 and in August 2010, he was not permitted to participate in the special meal provided after sundown to inmates who fasted during the day. (2d. Am. Compl. ¶¶ 20-21.) He claims that he was denied this meal because of his disability, in violation of his First Amendment right to freedom of religion, Fourteenth Amendment right to equal protection, the ADA, and RLUIPA. (*Id.* ¶¶ 20, 30, 34.) Keitt also claims that he was retaliated against, also in violation of the First Amendment, when Hawk "carried out a threat" to prevent him from participating in the special meal after he indicated that he intended to file a

lawsuit. (*Id.* ¶ 31.)

After he was transferred to Coxsackie, Keitt alleges that he was not permitted to wear religious headgear and clothing at all times—including throughout the facility and on outside trips. (*Id.* ¶¶ 112-18, 128-34.) He claims that this violates equal protection because he is only permitted to wear religious garb "at one place" and at religious services, but inmates who are Sikhs are permitted to wear their turbans at all times. (*Id.* ¶¶ 115-16, 128-29.) Additionally, because he is dyslexic and cannot read, Keitt claims that he is entitled to be provided with "reasonable accommodation" of religious "books on tape" or "auxiliary aides (sic)" while he attends religious classes. (*Id.* ¶¶ 122-27.) Keitt further claims that Ali, a Muslim chaplain, denied Keitt's requests for those devices, and also, allegedly, retaliated against him when he refused to put Keitt on the call-out for Friday religious services after Ali learned that Keitt filed a grievance against him. (*Id.* ¶¶ 207-08, 210.)

### III. <u>Standard of Review</u>

Before entering final judgment, this court reviews report and recommendation orders in cases it has referred to a magistrate judge. If a party properly objects to a specific element of the magistrate judge's

4

findings and recommendations, this court reviews those findings and recommendations *de novo*.  *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484GLS, 2006 WL 149049, at *3, *5 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, only vague or general objections are made, or a party resubmits the same papers and arguments already considered by the magistrate judge, this court reviews the findings and recommendations of the magistrate judge for clear error.  *See id.* at *4-5.

## IV.  **Discussion**

In his R&R, Judge Baxter first recommended that Keitt's claims regarding the Ramadan meal in 2008 be dismissed as time barred by the three-year statute of limitations governing claims arising under § 1983 because Keitt did not file his complaint until March 28, 2012.  (Dkt. No. 79 at 8-11 (citing *Owens v. Okure*, 488 U.S. 235, 250-51 (1989)).)  With respect to the remainder of Keitt's religious diet claims arising from his stay at Upstate, Judge Baxter recommended that those claims also be dismissed because the named defendants were not personally involved in

decisions regarding inmates' diets, religious or otherwise.[4] (*Id.* at 11-15.) Next, Judge Baxter recommended dismissing Keitt's claims regarding his religious clothing, books on tape, and ability to attend religious services because Keitt failed to exhaust his administrative remedies, and, even if Keitt properly exhausted, these claims fail on the merits. (*Id.* at 25-37.) Finally, Judge Baxter recommended dismissal of Keitt's remaining claims under §§ 1981 and 1985, again, for failure to allege personal involvement. (*Id.* at 37-38.)

Here, in his objections, Keitt utterly fails to identify errors with any specific portion of the R&R. (*See generally* Dkt. No. 82.) Instead, Keitt renews his motion to appoint counsel,[5] (*id.* at 11), erroneously contends that he was denied the opportunity to amend his complaint, (*id.*; *see* Dkt. Nos. 1, 31, 38), and otherwise simply re-states the facts as he views them and regurgitates arguments he has already made, (Dkt. No. 82 at 1-10), all of which Judge Baxter thoroughly considered in his R&R, (*compare id.*, *with* Dkt. No. 73 at 3-7). These "objections" are not sufficient to trigger *de*

---

[4] Additionally, despite the fact that these claims could be dismissed for lack of personal involvement, Judge Baxter went on to explain that these claims should also be dismissed on the merits. (Dkt. No. 79 at 15-25.)

[5] Keitt's renewed motion to appoint counsel is denied.

*novo* review. Accordingly, consistent with the standards set forth in *Almonte*, 2006 WL 149049, at *3-5, the court has carefully reviewed the record, found no clear error in the R&R, and adopts it in its entirety.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Andrew T. Baxter's January 8, 2015 Report-Recommendation (Dkt. No. 79) is **ADOPTED** in its entirety; and it is further

**ORDERED** that defendants' motion for summary judgment (Dkt. No. 67) is **GRANTED**; and it is further

**ORDERED** that Keitt's cross motion for summary judgment (Dkt. No. 73) is **DENIED**; and it is further

**ORDERED** that Keitt's renewed motion to appoint counsel (Dkt. No. 82 at 11) is **DENIED**; and it is further

**ORDERED** that Keitt's second amended complaint (Dkt. No. 38) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

March 18, 2015
Albany, New York